**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIMINAL NO.  18-172** |
| **JOSEPH WILLARD** | : | |

**MEMORANDUM**

**SCHMEHL, J.  _/s/JLS_**                                                    **MARCH 22, 2022**

Defendant was arrested on February 22, 2018, by the Bethlehem Police

Department and the Pennsylvania State Police on an outstanding arrest warrant from

the State of Missouri for failing to register as a sex offender. Following a search of his

van and the devices therein pursuant to a search warrant, Defendant, on February 26,

2018, was charged in Lehigh County with several child pornography offenses. The case

was subsequently adopted by federal authorities and on April 26, 2018, Defendant was

indicted on one count of production of child pornography, in violation of 18 U.S.C. §

2251(a) and (e) and six counts of possession of child pornography, in violation of 18

U.S.C. § 2252(a)(4)(B). In a superseding indictment dated August 22, 2019, Defendant

was charged with one count of production of child pornography, in violation of 18 U.S.C.

§ 2251(a), (e), and three counts of possession of child pornography, in violation of 18

U.S.C. § 2252(a)(4)(B). In a second superseding indictment dated August 4, 2020,

Defendant was charged with seven counts of production and attempted production of

child pornography, in violation of 18 U.S.C. § 2251(a), (e), two counts of production of

child pornography, in violation of 18 U.S.C. § 2252(a), and one count of possession of

child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B), (b)(2). Presently before the Court is the Defendant's motion to dismiss the second superseding indictment based on an alleged violation of the Speedy Trial Act, 18 U.S.C. § 3161(c) (the "Act".) For the reasons that follow, the motion is denied.

In order to put Defendant's motion in proper context, the Court will provide the procedural history of this matter.

In this case, the record reveals that Defendant was arraigned on the initial indictment on May 10, 2018. [ECF 6.] On May 14, 2018, Defendant's original counsel, the Federal Defender's Office, entered its appearance on behalf of Defendant. [ECF 7.] By Notice entered on May 16, 2018, the Court scheduled jury selection and trial to commence on July 16, 2018. [ECF 8.]

On July 10, 2018, Defendant's original counsel filed an unopposed motion for a continuance of the trial. [ECF 10.] As part of his motion, defense counsel "stipulate[d] that the time from the filing of this motion until the trial date is excludable time pursuant to 18 U.S.C. § 3161(h)(7)." [*Id.*] By Order entered on July 11, 2018, the Court granted the motion for a continuance as unopposed. [ECF 11.] The Court found that the "parties need additional time to determine whether a non-trial disposition can be negotiated and if not the defense needs more time to prepare for trial." [*Id.*] The Order further specifically stated that "[p]ursuant to 18 U.S.C. § 3161(h)(7), the Court finds that the ends of justice served by the continuance outweigh the best interest of the public and the defendant in a speedy trial." [*Id.*] The Order also rescheduled trial for November 5, 2018.  [*Id.*]

On October 30, 2018, Defendant's original counsel filed a second unopposed motion to continue the trial for a period of 120 days. [ECF 13.] As part of his motion,

defense counsel "stipulate[d] that the time from the filing of this motion until the trial date is excludable time pursuant to 18 U.S.C. § 3161(h)(7)." [ECF 13.] By Order entered on October 30, 2018, the Court granted the motion for a continuance as unopposed. [ECF 14.] The Court found that the "parties need additional time to determine whether a non-trial disposition can be negotiated and if not the defense needs more time to prepare for trial." [*Id*.] The Order further specifically stated that "[p]ursuant to 18 U.S.C. § 3161(h)(7), the Court finds that the ends of justice served by the continuance outweigh the best interest of the public and the defendant in a speedy trial." [*Id*.] The Order also rescheduled trial for March 11, 2019.

On February 13, 2019, Defendant filed a *pro se* motion to change his counsel. [ECF 16.] On February 25, 2019, the Court held a hearing on the motion, during which Defendant agreed to withdraw the motion. [ECF 18.] Defendant also made an oral motion to continue the trial date. [*Id*.] The Defendant also agreed to waive his speedy trial rights. [*Id*.] By Order entered on February 26, 2019, the Court granted the Defendant's motion for a continuance and rescheduled trial for July 15, 2019. [ECF 20.]

On June 18, 2019, Defendant's original counsel filed another motion to continue the trial. [ECF 28.] This motion was opposed by the government. [*Id*.] As part of his motion, defense counsel "stipulate[d] that the time from the filing of this motion until the trial date is excludable time pursuant to 18 U.S.C. § 3161(h)(7)." [*Id*.] By Order entered on June 24, 2019, the Court granted the motion for a continuance. [ECF 34.] The Court found that the "defense needs additional time to prepare for trial and to determine if a non-trial disposition can be reached." [*Id*.] The Order further specifically stated that "[p]ursuant to 18 U.S.C. § 3161(h)(7)(A), the Court finds that the ends of justice served

by the continuance outweigh the best interest of the public and the defendant in a speedy trial." [*Id.*] The Order also rescheduled trial for September 16, 2019. [*Id.*]

On June 21, 2019, the government filed a motion in limine to admit prior convictions. [ECF 33.]

On August 7, 2019, Defendant's original counsel filed a motion in limine, a motion to sever offenses and a motion to dismiss Counts Five, Six and Seven of the indictment. [ECF 41, 42 and 43.] On August 12, 2019, defense counsel filed a motion to suppress. [ECF 45.]

On August 21, 2019, Defendant's original counsel filed an unopposed sealed motion for a competency evaluation, pursuant to 18 U.S.C. § 4241. [ECF 48.]

On August 22, 2019, a superseding indictment against Defendant was unsealed. [ECF 49.]

By Order entered on August 23, 2019, the Court granted the Defendant's unopposed motion for a competency evaluation, pursuant to 18 U.S.C. § 4241. [ECF 50.] The Court found that there was "reasonable cause to believe the defendant may not be able to comprehend the nature of the charges against him and therefore is unable to properly assist counsel in his defense." [*Id.*] The Court also committed Defendant to the custody of the Attorney General for the purpose of hospitalizing Defendant for treatment for a "reasonable period not to exceed 120 days from the date of the Order" in order to see whether there is a "substantial probability that Defendant will regain the capacity to permit the proceedings to go forward." [*Id.*] Finally, the Order directed the United States Marshal Service to return the Defendant to this district "forthwith" once the final evaluation of Defendant was completed and the Court received

the final report from the Attorney General. [*Id.*]

On August 27, 2019, Defendant's original counsel filed a motion to declare the case complex under the Speedy Trial Act, 18 U.S.C § 3161(h)(7)(B)(i) and 18 U.S.C. § 3161 (h)(7)(B)(ii) and to continue the trial. [ECF 51]. Defense counsel based his motion, in part, on "the nature of the prosecution, the severity of the penalty, including the possibility of a statutory mandatory life sentence, as well as the evidentiary matters and pretrial motions stated above, the case is so unusual and complex that it is unreasonable to expect adequate preparation for possible further pretrial proceedings and the trial itself within the time limits established by the Speedy Trial Act. 18 U.S.C. § 3161 (h)(7)(B)(ii)." [*Id*.]

By Order entered on August 28, 2019, the Court granted the motion pursuant to 18 U.S.C. § 3161(h)(7)(B)(i) and adjourned the trial date of September 16, 2019 [ECF 52.] The Court's Order also stated "the delay resulting from this continuance (that is, from the date of filing of Defendant Willard's motion until the date of trial) shall be excluded from Speedy Trial Act calculations because the ends of justice served by such continuance outweigh the best interest of the public and the defendant in a speedy trial, 18 U.S.C. § 3161 (h)(7)(A)." [*Id*.]  The Court based this conclusion on 13 findings it listed in its Order. [*Id.*]

By Order entered on August 29, 2019, the Court vacated its previous Order of August 23, 2019 [Doc. 50] and in its stead granted the Defendant's unopposed motion for a competency evaluation pursuant to 18 U.S.C. § 4241. [ECF 55.] The Order further stated that "[t]he Court finds that there is reasonable cause to believe that the defendant may not be able to comprehend the nature of the charges against him and therefore is

unable to properly assist counsel in his defense. It is therefore ORDERED that the United States Pretrial Services Office shall make arrangements for Defendant to be evaluated for competency pursuant to section 4241. Upon completion of a written report, the United States Pretrial Services Office shall provide copies of the written report to the Court, to counsel for Defendant and to the government." [*Id*.]

Defendant was examined by Dr. Jeffrey Summerton on September 6, 2019. In a competency report dated September 11, 2019, Dr. Summerton found the Defendant incompetent to stand trial.

Claiming that Dr. Summerton's report was flawed, the government, on October 4, 2019, filed a motion for a psychiatric exam and mental competency determination under 18 U.S.C. § 4241(a). [ECF 58.]

By Order entered on October 8, 2019, the Court granted the motion. [ECF 59.] The Order stated that Defendant was to be "committed to the custody of the Attorney General for a reasonable period of time not to exceed 30 days from the date of his arrival at the facility at which the examination will be conducted." [*Id*.] The Order further stated that "[a]ny period of delay resulting from the examination of the defendant to determine his competency and the filing of a report describing the mental condition of the defendant and evaluating his need, if any, for treatment shall be excluded from all computations of time under the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(l)(A), (h)(l)(H) and 3164(b)." [*Id*.] Finally, the Order stated that "[u]pon completion of the evaluation and receipt of the report, the defendant is to be returned promptly to the Eastern District of Pennsylvania, and the United States Marshal is to notify this Court so that defendant may be scheduled for a hearing on his competency." [*Id*.]

On November 21, 2019, Defendant was transferred from the Federal Detention Center in Philadelphia to FMC-Devens in Massachusetts to begin his evaluation. Defendant was interviewed upon his arrival and again on December 5, 2019, January 6, 2020, January 10, 2020 and February 18, 2020.

In March of 2020, the United States was struck by the COVID-19 public health emergency. As a result, the Eastern District of Pennsylvania issued several standing orders that continued the requirements of the Act until September 7, 2021, with the exception of a few very brief trials that could proceed in compliance with health and safety measures. These standing orders concluded that "the ends of justice" were served by granting a continuance and outweigh the best interest of the public and each affected defendant in a speedy trial. In all, the standing orders designated March 13, 2020 through September 7, 2021 as "excluded time" under the Act.

In a report dated March 26, 2020, Dr. Shawn Channell, a Forensic Psychiatrist, who performed the competency evaluation on Defendant at FMC-Devins, found the Defendant to be competent. Dr. Channell found, in part, that Defendant had been malingering as part of the competency process. He diagnosed Defendant with antisocial personality disorder, with the need to address pedophilic disorder.

On August 4, 2020, the second superseding indictment against Defendant was unsealed. [ECF 60.] On September 22, 2020, United States Magistrate Judge Marilyn Heffley arraigned the Defendant on the second superseding indictment. [ECF 66.]

On August 28, 2020, Defendant arrived back at the Federal Detention Center in Philadelphia from FMC-Devens.

By Order entered on September 17, 2020, the Court stated that "based on the

conclusions of the 18 U.S.C. § 4241(b) Forensic Mental Health Evaluation of Defendant by Shawn E. Channell, Ph.D, ABPP with which the government and defense agree, it is hereby ORDERED that Defendant, Joseph Willard, is judged medically competent to stand trial in this case and therefore the proceedings will go forward." [ECF 64.]

On October 5, 2020, Defendant filed a *pro se* motion for appointment of new counsel. [ECF 67.] On October 8, 2020, Defendant filed a *pro se* motion to strike the Court's Order finding Defendant competent to stand trial. [ECF 69.] On December 29, 2020, Defendant filed a *pro se* motion for a ruling on his motion for new counsel and his motion to strike. [ECF 71.]

In response, the Court held a hearing by videoconference on January 21, 2021 during which Defendant addressed the Court regarding his pending motions. [ECF 73.] The Court also discussed a future trial date and agreed to take matters under advisement. [*Id.*]

By Order entered on February 9, 2021, the Court granted the Defendant's motion for new counsel, appointed new counsel and denied Defendant's motion to strike without prejudice. [ECF 75.]

By Order entered on March 22, 2021, the Court directed Defendant's new counsel to file any new pretrial motions by June 30, 2021. [ECF 77.] At a video status hearing on March 22, 2021 which Defendant attended, the Court stated that it would announce a new trial date. [ECF 79.] By Notice filed on March 22, 2021, the Court rescheduled trial for October 4, 2021. [ECF 78.]

In an Order entered on April 1, 2021, the Court after noting that it had previously declared the case complex and citing Chief Judge Sanchez's standing orders,

confirmed the October 4, 2021 trial date. [ECF 80.] The Order further stated that,

"pursuant to 18 U.S.C. Section 3161(h)(7)(A), the period of delay from the entry of this

Order until the trial date referenced herein shall be excluded under the Speedy Trial

Act." [*Id.*]

On July 1, 2021, defense counsel filed an unopposed motion for extension of

time to file pretrial motions. [ECF 83.] In an Order entered that same date, the Court

granted the motion. In an Order entered on August 17, 2021, the Court directed defense

counsel to file all pretrial motions by August 30, 2021.[ ECF 86.]

On July 7, 2021, Defendant filed a *pro se* motion for an extension to file pretrial

motions. [ECF 87.]

On August 30, 2021, Defense counsel filed a second motion for an extension of

time to file pretrial motions. [ECF 90.] By Order entered on August 31, 2021, the Court

granted the motion as unopposed and directed defense counsel to file pretrial motions

by September 10, 2021. [ECF 91.]

On September 14, 2021, defense counsel filed a third motion for extension of

time to file pretrial motions. [ECF 93.] By Order entered on that same date, the Court

granted the motion and directed defense counsel to file all pretrial motions by

September 20, 2021. [ECF 94.]

On September 26, 2021, defense counsel filed a fourth motion for an extension

of time to file pretrial motions. [ECF 95.] By Order entered on September 28, 2021, the

Court granted the motion as unopposed and directed defense counsel to file all pretrial

motions by October 26, 2021. [ECF 96.]

On September 29, 2021, defense counsel filed a motion to continue trial. [ECF

97.] By Order entered on September 29, 2021, the Court granted the motion as unopposed. [ECF 98.] The Order stated that "[p]ursuant to the Speedy Trial Act, 18 U.S.C. § 3161(h)(7) the ends of justice are best served by granting Mr. Willard's request. Specifically, defense counsel needs additional time to prepare for trial to be properly prepared to represent his client, Mr. Willard is not opposed to the delay, the Government is not opposed to the delay and the delay is necessary to allow the parties to either negotiate a non-trial resolution of this matter or prepare for trial. In light of the foregoing, the ends of justice served by granting Mr. Willard's request outweigh the best interest of the public and Mr. Willard in a speedy trial." [*Id*.] By Notice entered on September 29, 2021, the Court rescheduled trial for January 24, 2022. [ECF 99.]

On October 25, 2021, defense counsel filed a fifth motion for extension of time to file pretrial motions. [ECF 100.] By Order entered on October 27, 2021, the Court granted the motion as unopposed and directed defense counsel to file his pretrial motions by November 26, 2021. [ECF 101.]

On November 29, 2021, defense counsel filed two pretrial motions---a motion to dismiss due to violations of the Speedy Trial Act-Ruse Exception and the current motion to dismiss for Speedy Trial Act violations. [ECF 102 and 103.]

By Order entered on December 2, 2021, the Court ordered that "excludable time in the above-captioned case be computed and entered in the record from the date of filing of the Defendant's pretrial motions on NOVEMBER 29, 2021, until such time that a hearing on said motions are concluded or other prompt disposition is made." [ECF 106.]

On December 27, 2021, Defendant filed a *pro se* motion to substitute counsel. [ECF 107.]

On January 3, 2022, Defendant filed a *pro se* motion for an extension of time to file pretrial motions. [ECF 111.]

On January 10, 2022, the Court held argument on defense counsel's two motions alleging violations of the Act and prior counsel's motion to suppress which current counsel had adopted. [ECF 115]. Defendant was present at the argument. Defense counsel also made an oral request that the January 24, 2022 trial be continued. [*Id.*] Defendant also withdrew his motion to substitute counsel. [*Id*.]

On January 26, 2022, defense counsel formally filed a motion to continue the January 24, 2022 trial. [ECF 117.] By Order entered on January 27, 2022, the Court granted the motion as unopposed. [ECF 118]. The Order stated that "[p]ursuant to the Speedy Trial Act, 18 U.S.C. § 3161(h)(7) the ends of justice are best served by granting Mr. Willard's request. Specifically, defense counsel needs additional time to prepare for trial to be properly prepared to represent his client, Mr. Willard is not opposed to the delay, the Government is not opposed to the delay and the delay is necessary to allow the parties to either negotiate a non-trial resolution of this matter or prepare for trial. In light of the foregoing, the ends of justice served by granting Mr. Willard's request outweigh the best interest of the public and Mr. Willard in a speedy trial." [*Id*.] After conferring with counsel by phone who relayed the consent of the Defendant, the Court entered a Notice on January 27, 2022 rescheduling trial for August 1, 2022. [ECF 119.]

In sum, from the date of the original indictment (April 26, 2018) to date, Defendant, either through his counsel or by himself, has filed six motions to continue trial dates set by the Court, one motion to declare the case complex, five motions seeking extensions to file pre-trial motions and two motions requesting new counsel be

appointed. Defendant also claimed he was incompetent to stand trial. In addition, from

March 13, 2020 through September 7, 2021, this Court was not able to conduct any jury

trials because of the COVID-19 pandemic. Yet, Defense counsel is now asking the

Court to dismiss the second superseding indictment with prejudice due to a violation of

the Act.

The Act establishes time limits for completing the various stages of a federal

criminal prosecution. The information or indictment must be filed within 30 days from the

date of arrest or service of the summons. 18 U.S.C. § 3161(c). The Act further provides

the following:

> In any case in which a plea of not guilty is entered, the trial of
> a defendant charged in an information or indictment with the
> commission of an offense shall commence
> within seventy days from the filing date (and making public) of
> the information or indictment, or from the date the defendant
> has appeared before a judicial officer of the court in which
> such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1).

The 70-day period is subject to expansion by periods of excludable

delay. *See Henderson v. United States*, 476 U.S. 321, 326 (1986). For example, under

the Act, any "delay resulting from any pretrial motion, from the filing of the motion

through the conclusion of the hearing on, or other prompt disposition of, such motion" is

excluded from the 70-day period permitted between indictment and trial. 18 U.S.C. §

3161(h)(1)(D). The provision broadly applies to all pretrial motions, whether they

actually cause a postponement of trial.  *Henderson*, 476 U.S. at 327 (exclusion is

automatic).

Furthermore, the Act provides for periods of exclusion for

12

> [a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interests of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). For time to be excludable under this section, the court must set forth, "in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.* It is not necessary, however, for the court to articulate facts which are obvious and are set forth in the motion for the continuance. *See United States v. Lattany*, 982 F.2d 866, 879 (3d Cir. 1992).

Nonetheless, "[i]f a defendant is not brought to trial within the time limit required by section 3161(c) as extended by section 3161(h), the information or indictment shall be dismissed on motion of the defendant." 18 U.S.C. § 3162(a)(2).The Act "admits no ambiguity in its requirement that when such a violation has been demonstrated, 'the information or indictment shall be dismissed on motion of the defendant.' " *United States v. Taylor*, 487 U.S. 326, 332 (1988) (quoting 18 U.S.C. § 3162(a)(2)).

Defendant first contends that 56 non-excludable days elapsed from the date of his arraignment on May 15, 2018 to July 10, 2018, the date original defense counsel filed his first motion to continue trial. The government agrees that this time should be excluded and even correctly points out that the record reveals that Defendant was actually arraigned on May 10, 2018 [ECF 6] and thus a total of 60 days are not excludable.

Defendant next agues that an additional 34 days should be non-excludable as the result of what Defendant claims were delays from transporting him from the Federal Detention Center in Philadelphia on October 8, 2019 until his arrival at FMC Devens in Massachusetts on November 21, 2019. Indeed, the Speedy Trial Act provides that the following period of time is excludable: "**delay** resulting from **transportation** of any defendant ... to and from places of examination ..., except that any time consumed in excess of ten days from the date an order ... directing such **transportation**, and the defendant's arrival at the destination shall be presumed to be unreasonable," 18 U.S.C. § 3161(h)(1)(F)(emphasis in original.) Our Court of Appeals recently held "that periods of unreasonable delay of more than ten days in the transport of a defendant to the site of a psychological examination conducted in the course of a proceeding to determine a defendant's mental competency are non-excludable for purposes of computing the time within which the Government must commence a trial of a defendant under the Speedy Trial Act." *United States v. Williams*, 917 F. 3d 195, 202 (3d Cir. 2019).

The Court need not address that issue here since the transportation occurred **after Defendant** had already made, on August 27, 2019, his fifth motion for a continuance of the trial based on the "ends of justice" and a motion for the Court to declare the case complex. All of these motions were granted by the Court, many as unopposed, with the Court noting each time that "ends of justice" would be served. These unbroken chain of continuance requests tolled the speedy trial clock from July 10, 2018 to the current date of August 1, 2022. Also pending at the time, were numerous pretrial motions filed by either Defendant or his prior counsel. Therefore, the

14

days between October 8, 2019 and November 21, 2019 were already properly excludable, notwithstanding any possible delays transporting Defendant from Philadelphia to FMC-Devens.

Defendant next argues that an additional 179 days as the result of alleged delays transporting Defendant back from FMC Devens to the Federal Detention Center in Philadelphia should be non-excludable. Specifically, Defendant cites to the fact that his evaluation at FMC-Devens was completed on May 15, 2020 and he did not arrive back in Philadelphia until August 28, 2020.

Again, the transportation during this period occurred **after Defendant** had already made, on August 27, 2019, his fifth motion for a continuance of the trial based on the "ends of justice" and in the same motion requested that the Court declare the case complex. At this time, the entire country was in the middle of a pandemic. All of these motions were granted by the Court, many as unopposed with the Court noting each time that "ends of justice" would be served. All of these unbroken chain of continuance requests tolled the speedy trial clock from July 10, 2018 to the current date of August 1, 2022. Also pending at the time, were numerous pretrial motions filed by either Defendant or his prior counsel. In addition, during this period, the Court's standing orders were in effect which stated that "the ends of justice" were served by granting a continuance and outweigh the best interest of the public and each affected defendant in a speedy trial. In all, the standing orders designated March 13, 2020 through September 7, 2021 as "excluded time" under the Speedy Trial Act. Therefore, any days between May 15, 2020 and August 28, 2020 were already properly excluded from the Speedy

Trial calculation, notwithstanding any possible delays transporting Defendant from FMC Devens to Philadelphia.

In sum, only 60-days were legitimately counted toward the 70-day-limit under the Act. As nearly all the delay in this case was caused by or acquiesced to by Defendant himself (and a public health emergency), the motion to dismiss the second superseding indictment for a violation of the Speedy Trial Act is denied.