**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **:** |
| **v.** | **:  CRIMINAL NO.  18 - 172** |
| **JOSEPH WILLARD** | **:** |

**<u>MEMORANDUM</u>**

**SCHMEHL, J.  /s/ JLS**                                              **MARCH  23, 2022**

Defendant was arrested on February 22, 2018, by the Bethlehem Police
Department and the Pennsylvania State Police on an outstanding arrest warrant from
the State of Missouri for failing to register as a sex offender. Following a search of his
van and the devices therein pursuant to a search warrant, Defendant, on February 26,
2018, was charged in Lehigh County with several child pornography offenses. The case
was subsequently adopted by federal authorities and on April 26, 2018, Defendant was
indicted on one count of production of child pornography, in violation of 18 U.S.C. §
2251(a) and (e) and six counts of possession of child pornography, in violation of 18
U.S.C. § 2252(a)(4)(B). In a superseding indictment dated August 22, 2019, Defendant
was charged with one count of production of child pornography, in violation of 18 U.S.C.
§ 2251(a), (e), and three counts of possession of child pornography, in violation of 18
U.S.C. § 2252(a)(4)(B). In a second superseding indictment dated August 4, 2020,
Defendant was charged with seven counts of production and attempted production of
child pornography, in violation of 18 U.S.C. § 2251(a), (e), two counts of production of
child pornography, in violation of 18 U.S.C. § 2252(a), and one count of possession of

child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B), (b)(2). Presently before the Court is the Defendant's motion to dismiss the second superseding indictment based on an alleged violation of the Speedy Trial Act, 18 U.S.C. § 3161(b). For the reasons that follow, the motion is denied.

Defendant argues that the government's failure to file an indictment within thirty days of his initial arrest on February 22, 2018 violated his rights under 18 U.S.C. § 3161(b). Section 3161(b) of the Speedy Trial Act requires that "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). If the government fails to file the information or indictment within thirty days, "such charge against that individual contained in such complaint shall be dismissed or otherwise dropped." 18 U.S.C. § 3162(a)(1).

However, it is an "undisputed rule that a *state* arrest does not trigger the Speedy Trial Act's clock, even if the arrest is for conduct that is the basis of a subsequent indictment for a federal offense." *United States v. Mills,* 964 F.2d 1186, 1189–90 (D.C.Cir.1992) (en banc) (emphasis in original). *See also United States v. Brown,* 605 F.2d 389, 395 (8th Cir.), *cert. denied,* 444 U.S. 972 (1979); *see also United States v. MacDonald,* 456 U.S. 1, 10 n. 11. (1982) ("Of course, an arrest or indictment by one sovereign would not cause the speedy trial guarantee to become engaged as to possible subsequent indictments by another sovereign."); *United States v. Beede,* 974 F.2d 948, 950–51 (8th Cir.1992), *cert. denied,* 506 U.S. 1067 (1993) (noting that state arrest does not start the 30–day clock on the Speedy Trial Act for a subsequent federal

2

charge). This is because "the state and federal governments are separate sovereign entities, and the actions of one cannot typically bind the other." *United States v. Rose*, 365 Fed. Appx. 384, 389 (3d Cir. 2010) (citation omitted).

Some circuit courts have recognized an exception to this rule, finding the Speedy Trial Act time periods may be triggered by state detentions that are merely a ruse to detain the defendant exclusively or primarily for the purpose of bypassing the requirements of the Act. *United States v. Benitez*, 34 F.3d 1489, 1494 (9th Cir. 1994); *United States v. Woolfolk*, 399 F.3d 590, 596 (4th Cir. 2005). This principle is known as the "ruse exception."

Pursuant to this authority, Defendant claims he is entitled to relief in the form of indictment dismissal with prejudice because his initial state arrest on February 22, 2018 was merely a "ruse" to hold him pending a federal indictment over 30 days later on April 26, 2018.

Despite several opportunities, our Court of Appeals has "yet to adopt the 'ruse' exception." *United States v. Costello*, 720 Fed. Appx. 120, 123 (3d Cir 2018) (not precedential); *see also United States v. Dyer*, 325 F.3d 464, 468 (3d Cir. 2003) ("We do not at this time need to decide whether to recognize the ruse exception."); *United States v. Brown*, 445 F. Appx. 474, 479 (3d Cir. 2011) ("Our Circuit has yet to recognize a 'ruse exception' to the Speedy Trial Act's federal arrest requirement."). The Court has explained, however, that even if it were to adopt the ruse exception, to qualify, a defendant must make a showing of collusion or present evidence that the detention was "for the sole or primary purpose of preparing for federal criminal prosecution." *Costello*, 720 Fed. Appx. at 123.

Defendant has not met his burden of proving collusion or that the primary purpose of the state's detention of him was to prepare for a federal criminal prosecution. He has failed to offer a scintilla of proof that there was collusion on the part of state and federal authorities or that the primary purpose of the state's detention of him was merely to bide time until Defendant could be federally charged. *See* Costello, 720 Fed. Appx. at 123 (not precedential) (Court of Appeals noted that "simply being incarcerated in state prison before federal indictment does not mean that [the defendant] was brought back solely, or even primarily, for federal prosecution.")

An "arrest is not necessarily federal merely because agents and state officers cooperate with one another or because the state prosecution does not proceed apace." *Brown*, 445 F. Appx. at 479. In fact, in this case federal agents were not even involved in the initial arrest. Defendant's only evidence to support his claim of collusion is that the Commonwealth requested a continuance of Defendant's preliminary hearing on two occasions (following a similar request by defense counsel) and that no extradition proceedings were ever instituted for the Missouri warrant.  He has not offered any evidence whatsoever that state and federal officials were in contact with each other, let alone colluded with each other. He does not allege that the federal government was even involved in this matter prior to Defendant's indictment. Any claim that the Commonwealth prosecution proceeded in what Defendant characterizes as a purposely delayed manner is mere conjecture and not proof that the Commonwealth was acting at the direction of the federal government by holding Defendant from the date of his arrest until the federal government could indict him.  Therefore, even if the ruse exception was recognized by our Court of Appeals, Defendant has failed to come

4

forth with any evidence of possible collusion between Commonwealth and federal officials of holding Defendant for federal prosecution.

There is clearly no need for an evidentiary hearing on this issue. "[A] defendant seeking an evidentiary hearing must allege facts, sufficiently definite, specific, detailed and nonconjectural, to enable the court to conclude that a substantial claim is presented." *Brown*, 445 Fed. Appx. at 479. Defendant has not done so, and thus he is not entitled to a hearing.  Accordingly, the motion to dismiss is denied.